**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mark ARHEBAMEN, also known**
**as McMaine Allen O'Georgia,**
**Defendant–Appellant.**

**No. 03–1627.**

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2003.

Before KEITH, DAUGHTREY, and GILMAN, Circuit Judges.

## ORDER

Mark Arhebamen was charged with failing to appear for sentencing, making a false claim of citizenship, obstructing justice, and making false statements, all in violation of 18 U.S.C. §§ 911, 1001, 1503 and 3146. His attorney filed a notice of an insanity defense under Fed.R.Crim.P. 12.2. On April 24, 2003, the district court granted the government's motion and ordered a mental evaluation to determine Arhebamen's competency and criminal responsibility. *See* 18 U.S.C. §§ 4241 *and* 4242. It is from this order that he now appeals.

Arhebamen's appeal has been referred to a panel of this court under Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Arhebamen's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Arhebamen did not file a timely response to this motion, and an independent review of the record reveals no issue that would support a viable interlocutory appeal.

In this regard, we note that the district court's order was appropriate under 18 U.S.C. § 4242, which provides in pertinent part as follows:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, *shall* order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological re-

port be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4242(a) (emphasis added). The district court properly granted the government's motion for a psychiatric evaluation in the case at hand, because Arhebamen had filed a notice under Rule 12.2, which clearly evidenced his intent to pursue an insanity defense.

Accordingly, counsel's motion to withdraw is granted with regard to this appeal only, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.